UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT FREE PRESS, INC.,
a Michigan corporation,

          Plaintiff,

vs.                                            Case No.

CHARTER TOWNSHIP OF ORION, a
Michigan Municipal Corporation; and CHRIS
BARNETT, Township Supervisor, sued in his
individual and official capacities;
PENNY S. SHULTS, Township Clerk, sued
in her individual and official capacities;
MARK THURBER, Township Treasurer, sued in his
individual and official capacities; MIKE FLOOD, Trustee,
sued in his individual and official capacities;
NEAL PORTER, Trustee, sued in his individual
and official capacities; DONNI STEELE, Trustee,
sued in her individual and official capacities;
And JOHN M. STEMEL, Trustee, sued in his
individual and official capacities,

          Defendants.
_____/

DETROIT FREE PRESS, INC.
By: Herschel P. Fink (P13427)
Legal Counsel
160 W. Fort Street
Detroit, Michigan 48226
(313) 749-0079
hfink@freepress.com
_____/

**COMPLAINT**

Plaintiff Detroit Free Press, Inc. ("the Free Press"), for its Complaint against Defendants, states:

## PARTIES, JURISDICTION AND VENUE

1. This is an action to redress the deprivation of the Free Press' rights under the First and Fourteenth Amendments to the United States Constitution, and the Michigan Constitution, Art I, Sec. 5, Freedom of Speech and of Press, arising out of Defendants' wrongful actions.

2. This Court has jurisdiction of the Free Press' federal Constitutional claims under and pursuant to 42 U.S.C. Sec. 1983, 28 U.S.C. Sec. 1343, and 28 U.S.C. Sec. 1331, and over Plaintiff's state law claim pursuant to 28 U.S.C. Sec. 1367.

3. The events of this case as described below occurred in Oakland County, Michigan, and as a result, venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. Sec. 1391 (b).

4. Plaintiff Detroit Free Press, Inc. ("the Free Press") is a Michigan corporation, with its principal place of business in the City of Detroit, and publishes the Detroit Free Press, the largest daily newspaper in the State of Michigan. The Free Press also publishes an edition of the Free Press called Free Press Sunday Select ("*Select*"), a weekly publication containing both editorial matter and advertising, coupons and games produced by the Free Press. *Select* is distributed both with the Sunday Free Press to subscribers, as well as to a much larger audience of non-subscribers, without charge, throughout the Detroit metro area, including to about 2,500 homes in Orion Township since 2012.

5. Defendant Charter Township of Orion ("Orion Township") is a Charter Township, a municipal corporation, organized under the laws of the State of Michigan, and is located in Oakland County, within the Eastern District of Michigan.

6. Defendant Chris Barnett is the elected Supervisor of Orion Township, and, as such, is both its chief executive officer and a voting member of its Board of Trustees. During all times mentioned in the Complaint, Barnett was acting in his official capacity. He is sued in both his individual and official capacities.

7. Defendant Penny S. Shults is the elected Clerk of Orion Township, and is also a voting member of its Board of Trustees. During all times mentioned in the Complaint, Shults was acting in her official capacity. She is sued in both her individual and official capacities.

8. Defendant Mark Thurber is the elected Treasurer of Orion Township, and is also a voting member of its Board of Trustees. During all times mentioned in the Complaint, Thurber was acting in his official capacity. He is sued both in his individual and official capacities.

9. Defendant Mike Flood is an elected Trustee of Orion Township, and a voting member of its Board of Trustees. During all times mentioned in the Complaint, Thurber was acting in his official capacity. He is sued both in his individual and official capacities.

10. Defendant Neal Porter is an elected Trustee of Orion Township, and a voting member of its Board of Trustees. During all times mentioned in the Complaint, Flood was acting in his official capacity. He is sued both in his individual and official capacities.

11. Defendant Donni Steele is an elected Trustee of Orion Township, and a voting member of its Board of Trustees. During all times mentioned in the Complaint, Steele was acting in her official capacity. She is sued both in her individual and official capacities.

12. Defendant John M. Steimel is an elected Trustee of Orion Township, and is a voting member of its Board of Trustees. During all times mentioned in the Complaint, Steimel was acting in his official capacity. He is sued both in his individual and official capacities.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates paragraphs 1 through 12, above.

14. Since 2012, and at all relevant times, the Free Press has distributed *Select*, a weekly edition containing both editorial matter and advertising, coupons and games produced by the daily newspaper, in Orion Township, as well as throughout the broader Metro Detroit area. Exhibit A includes copies of content from recent *Select* editions.

15. *Select's* content is clearly non-commercial expressive material, fully protected by the First Amendment to the United States Constitution, and the Michigan Constitution.

16. *Select* is delivered both with the regular Sunday Free Press to subscribers, as well as to a much larger Metro Detroit audience of non-subscribers, without charge, including to more than 2,500 residences in Orion Township. Free Delivery copies are bagged to prevent them from becoming wind-borne, similar to subscriber copies, and are delivered by motor route, which is the only practical means of distribution of newspapers to residences.

17. Although First Amendment protection extends equally to both requested and unrequested speech, because *Select* is expensive to produce and deliver, the Free Press makes reasonable efforts to see that it is, in fact, requested and welcome at the homes to which it is delivered. It also takes steps to keep its records up-to-date, twice a year attaching a "stickie" to the front page of free delivery copies, giving individual customers an opportunity to change their preference. Exhibit B is a copy of such a notice.

18. Despite the Free Press' efforts to deliver only to those who wish to receive *Select*, mistakes can occur, or residents may have moved, or be temporarily on vacation, resulting in some copies not being picked up after delivery.

19. In early February, 2016, the Free Press received a letter (Exhibit C) from Daniel J. Kelly, attorney for the Orion Township, threatening that Orion Township would prosecute the Free Press for alleged violations of the Township "littering" ordinance, unless "delivery of the above referenced newspaper/flyers cease within 14 days of February 4, 2016." The letter, in relevant part, states:

> As general counsel for the Charter Township of Orion, you are hereby requested to immediately cease and desist from the ongoing violations of the Township's Littering Ordinance….
>
> Specifically, the Township has received complaints from private property owners of an ongoing dumping, depositing, placing, throwing or leaving of unrequested and undesired newspapers and/or flyers circulated by your company. * * *
>
> The distribution of your company's newspapers/flyers which are placed or thrown onto both private and public property fall within the Ordinance's definition of "litter" * * *
>
> Please be advised that I have been directed by motion of the Township Board to forward this official notice of your company's noncompliance with the above Ordinance. The continued violation of this Ordinance may cause the issuance of a civil infraction; which, if found responsible, could lead to a Court imposition of fines, penalties and costs (see attached Ordinance for applicable penalties and sanctions, Section 6). While this correspondence is intended to provide notice of your current violation of the Township's Littering Ordinance, so as to provide you a reasonable opportunity to cease future activities, we hereby request that the delivery of the above referenced newspaper/flyers cease within 14 days of February 4, 2016. Any similar activities subsequent to this deadline will be turned over to the Township's Code Enforcement Officers for purposes of investigation and enforcement of Ordinance No. 126-Littering Ordinance.

(The *Township's* Ordinance No. 136 is virtually identical to a State of Michigan anti-littering statute, MCL 324.8902, which similarly defines litter as "rubbish, refuse, waste material,

garbage, offal, paper, glass, cans, bottles, trash or other foreign substances or a vehicle that is considered abandoned....")

20. The "applicable penalties and sanctions" provision of the Township ordinance, referenced in the township attorney's letter, prescribes a fine of $800 for every newspaper copy delivered in alleged violation of the ordinance. Since the Free Press delivers about 2,500 copies of *Select* in Orion Township each week, the threat by the Township Board is, in effect, to fine the Free Press as much as $2,000,000 a week, and $104,000,000 a year for "doing business" in Orion Township.

21. In reply to Orion Township's February 4 threatening letter, counsel for the Free Press responded by letter on February 18, 2016 (Exhibit D). The Free Press' response specifically cited applicable state and federal precedents, making clear that, **"Newspapers Cannot be Termed 'Litter,'"** and that **"Township Interference Would Be Unconstitutional."** Precedents -- including from this District – were attached.

22. In this response, the Free Press also cautioned that Orion Township's threats to interfere with the Free Press' constitutionally protected newspaper deliveries "may constitute an unconstitutional prior restraint, which may open the township – and its elected and appointed officials – to a civil rights lawsuit in U.S. District Court pursuant to 42 USC 1983, entitling the Free Press to injunctive relief, damages, and attorney fees."

23. This threatened interference and financial and legal intimidation of the Free Press by the Orion Township Board of Trustees was so outrageous, and so clearly unconstitutional, that Free Press counsel also stated in his February 18 letter: **"Because of the serious and costly implications of such a lawsuit on the township, I am copying its elected officials so that they are on notice of the consequences of the ill-advised action threatened in your letter, and**

6

can, in the words of the U.S. Supreme Court, "steer far wide of the unlawful zone." *New York Times v. Sullivan,* 376 U.S. 254, 279. (Exhibit E.)

24. But, notwithstanding the Free Press' express warning that the actions threatened by the Township Board would clearly be an unconstitutional interference with the Free Press' First Amendment and Michigan constitutional rights, and an unconstitutional prior restraint, on or about April 25. 2016, the Free Press was served by mail with a "Civil Infraction Citation" issued by Charter Township of Orion dated April 20, 2016, alleging a "littering" ordinance violation under Ordinance 136, as was cited in the Township attorney's February 4, 2016 letter. (Exhibit F.) The citation named as a defendant Paul Anger, the newspaper's former editor, who had retired a year before the alleged violation.

25. The Citation claimed a single violation on April 20, 2016, which, under the cited ordinance, calls for an $800 fine.

26. On May 4, 2016, legal counsel for the Free Press visited the Michigan District Court referenced on the citation to file an appearance, and discovered that a second Civil Infraction Citation had been issued by Orion Township and filed with the state court. It was subsequently served on the Free Press' registered agent for service of process. Detroit Free Press, Inc. was named as the sole defendant on that citation. (Exhibit G.)

27. The second citation was for a different alleged littering violation, also on May 26, 2016, but at a separate location. Under the cited ordinance, the fine for that alleged violation would be a separate $800.

28. Free Press counsel telephoned Orion Township Supervisor Chris Barnett (now a defendant in this action) to inquire whether Orion had issued additional citations, which were

7

also outstanding or might be forthcoming. Barnett responded, "Not at this time." But he would not rule out that more citations, each requesting additional $800 fines, would not be issued.

29. Barnett was also asked if he had read the letter from the Free Press dated February 18, 2016, which provided legal authority, and cautioned the Township Board that actions such as those threatened by it would constitute an unconstitutional prior restraint, and that the Free Press had a clear constitutional right to deliver *Select* newspapers in Orion Township. Barnett acknowledged that he had read the letter, but that he and his Board were responding to resident complaints of unwanted newspapers delivered to their property.

30. The state District Court has scheduled a formal hearing on the two Civil Infraction Citations for Wednesday, June 29, 2016. (Exhibit H.)

31. The February 4, 2016 demand from Orion Township that the Free Press "immediately cease and desist from the ongoing violations" (namely distributing newspapers in the Township), and threatening legal action unless "delivery of the above referenced newspaper/flyers cease within 14 days of February 4, 2016," and its subsequent legal actions against the newspaper, along with the cost of defending those actions, infringes the Free Press' rights under the First Amendment, and constitutes an unconstitutional prior restraint.

32. The February 4, 2016 letter also states that the Township attorney was "directed by motion of the Township Board" to threaten and to sue the Free Press. Thus, Orion Township and its Board members, all defendants here, were acting in their official capacities as agents of the Township, and thus their acts constitute state action.

33. The actions of Defendants, including the described acts of economic and legal coercion and intimidation, clearly constitute an unlawful prior restraint of expression and a

violation of the Free Press' rights under the First Amendment and the Fourteenth Amendment of the United States Constitution, and Art I, Sec. 5 of the Constitution of the State of Michigan.

34. On multiple occasions between February and May, 2016, including, but not limited to, February 1 and 29, March 21, April 4 and 18, and May 2, the individual defendants met in secret closed door sessions, likely in violation of the Michigan Open Meetings Act, MCL 15.261, *et seq,* allegedly to "discuss attorney opinion letters." The Free Press reasonably believes that the purpose of some of those meetings was to conspire with the Township attorney to damage the Free Press through the actions described herein.

35. The Free Press has requested minutes and recordings of those closed sessions under the Michigan Freedom of Information Act, MCL 15.231. Although any violations of those "Sunshine Statutes" are not at issue before this court, the Free Press may subpoena relevant minutes and recordings in this action to further support the allegations in this Complaint.

36. At all of the described times, Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Michigan and Orion Township.

37. At all times and dates mentioned above, Defendants acted jointly and in concert with each other. Each Defendant had the duty and opportunity to protect the Free Press from the unlawful actions and acts of the other Defendants – particularly having expressly been warned by the Free Press of the unlawful and unconstitutional nature of those acts – but each Defendant failed and refused to perform such duty, thereby proximately causing the Free Press' injuries.

38. The Defendants' actions violated the Free Press' First Amendment rights to free speech and press and to disseminate that speech to any willing listeners, and the Free Press' procedural due process rights under the United States Constitution.

39. The Free Press' First Amendment and procedural due process rights are clearly established, and Defendants acted with full knowledge of these rights and with reckless disregard and deliberate indifference to the Free Press' constitutional rights, and Defendants were callously indifferent as to the illegality of their actions.

40. The enforcement of the Township's policy or practice or ordinances was the moving force for these violations of the Free Press' constitutional rights, and was the proximate cause of the violation of the Free Press' constitutional rights.

41. In the manner described herein, Defendants deprived the Free Press of its rights to freedom of speech and press, and due process of law. All of these rights are secured to the Free Press by the provisions of the First and Fourteenth Amendments to the United States Constitution, by Title 42 U.S.C. Sections 1983, 1985 and 1988, as well as by Art I, Sec. 5 of the Michigan Constitution.

## COUNT I – VIOLATION OF 42 U.S.C. §1983 – FIRST AMENDMENT

42. The Free Press incorporates paragraphs 1 through 41, above.

43. Free Press Sunday *Select* contains non-commercial expression protected by the First Amendment.

44. Defendants' actions in intimidating, coercing and threatening the Free Press to "cease and desist" distribution of its Constitutionally protected product in Orion Township, and its harassment by filing groundless "littering" actions against the newspaper, forcing it to expend valuable financial and other resources, all in violation of the Free Press' First Amendment rights guaranteed by the United States Constitution and the Michigan Constitution, constitute an unlawful and unconstitutional restraint on the Free Press' free speech and free press rights.

45. During all times mentioned in this Complaint, the individual Defendants were employed by Orion Township, and were acting in both their official and individual capacities in accordance with the Township's policies, practices, and ordinances.

46. During all times mentioned in this complaint, Defendants were acting under color of law.

47. Defendants' threats and legal proceedings against the Free Press were made to punish the Free Press for exercising its right of free speech and press, the exercise of which is assured to the Free Press by the First and Fourteenth Amendments to the United States Constitution. Distribution of Free Press Sunday *Select* does not, nor could it, constitute "litter," nor did, nor could it, violate the ordinance cited by Defendants, and Defendants had no basis whatsoever for their actions, particularly having been pre-warned by the Free Press, and provided with the relevant legal precedents.

48. In the manner described herein, Defendants acted with reckless or callous disregard of the Free Press' clearly established constitutional rights, and with callous indifference to the illegality of their actions.

49. The actions of the Defendants described above were extreme and outrageous.

50. The wrongful acts of the defendants, and their implicit threats to continue to besiege the Free Press with multiple, ruinous, future harassing and groundless lawsuits, each seeking an $800 fine, have caused, and are causing great injury and expense to the Free Press, some of which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of these acts, and from continuing to prosecute these groundless actions, the Free Press will suffer irreparable injury, for which the Free Press is without any adequate remedy at law.

WHEREFORE, the Free Press claims judgment against the Defendants as follows:

A. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained, temporarily and permanently, from threatening, harassing, suing, continuing to sue, or interfering in any way with the Free Press' right to distribute Free Press *Select* in the Charter Township of Orion;

B. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair, including, but not limited to, legal and other expenses of the Free Press in defending itself and its editor from Orion's groundless "littering" complaints;

C. Because of Defendants' reckless or callous disregard of the Free Press' federal constitutional rights, particularly after having been placed on express notice of those rights, punitive damages in an amount found to be just, reasonable and fair in excess of $5 million;

D. Attorney fees and costs of this action pursuant to 42 U.S.C. §1988;

E. Such other relief as this Court shall consider to be fair and equitable.

## COUNT II – VIOLATION OF MICHIGAN CONSTITUTION

## FREEDOM OF SPEECH AND PRESS

51. The Free Press incorporates paragraphs 1 through 50, above.

52. Michigan's Constitution provides in Art I, Sec. 5 that "no law shall be enacted to restrain or abridge the liberty of speech or of the press."

53. The actions of the Defendants against the Free Press described in Count I represent official policy of Defendant Orion Township, and are attributable to it.

54. Distribution by the Free Press of its *Select* newspaper edition in Orion Township is protected by the Constitution of the State of Michigan from official restraint.

55. Acting under color of law, Defendants promulgated and carried out the official policies, orders and directives against the Free Press described in Count I, intentionally and deliberately, with wanton and reckless disregard for the civil and constitutional rights and privileges of the Free Press, including the fundamental right to freedom of speech and press, arising out of the Constitution of the State of Michigan.

56. By promulgating and carrying out the policies, orders and directives described in Count I, Defendants violated the Free Press' aforesaid constitutional rights, and did so with full and complete knowledge that they had no right to do so, and that the Free Press' distribution of *Select* was fully protected from restraint and interference by the Michigan Constitution.

57. As a direct and proximate result of Defendants' unconstitutional wrongdoing, including threatening and attempting to coerce the Free Press to cease distribution in Orion Township, filing groundless "littering" lawsuits against it, threatening a succession of ruinous fines against it, and forcing it to expend its valuable and limited financial and other resources defending a succession of constitutionally impermissible lawsuits, the Free Press was damaged and injured.

WHEREFORE, Plaintiff claims judgment against Defendants and seeks relief as set forth in Count I.

Respectfully submitted,

DETROIT FREE PRESS, INC.

By: /s/ Herschel P. Fink
Legal Counsel
160 W. Fort Street
Detroit, Michigan 48226
(313) 749-0079
hfink@freepress.com
(P13427)

Dated: May 11, 2016