# EXHIBIT C

# FEBRUARY 4, 2016 DEMAND LETTER FROM DANIEL J. KELLY, ATTORNEY FOR ORION TOWNSHIP

# GMH GIARMARCO, MULLINS & HORTON, P.C.
## ATTORNEYS AND COUNSELORS AT LAW

Detroit ▼ Troy

DIRECT DIAL: 248.457.7025
DIRECT FACSIMILE: 248.404.6325
EMAIL: DKELLY@GMHLAW.COM

John A. Anderson
Andrew T. Baran
Thomas W. H. Barlow
Bruce E. Bigler
Peter J. Bill
David A. Binkley
Michael L. Bosnic
Basil M. Briggs
Robert A. Bryant
Thomas P. Cavanaugh
Kenneth B. Chapie
John C. Clark
George A. Contis

Kellie S. DeVito
Kara S. Ferrara
Gregory J. Gamalski
John J. Giarmarco
Julius H. Giarmarco
Keela P. Gracey
Gilbert Gugni
Bruce W. Haffey
William H. Heritage, III
Stephen J. Hitchcock
William L. Hooth
William H. Horton
Marvin A. Jennings, Jr

Daniel J. Kelly
Salvatore J. LaMendola
Alexander Lebedinski
Victoria S. Lehman
Adam Levitsky
Wallace G. Long
Katharine G. McCarthy
John P. McNew
George D. Mercer
J. Travis Mihelick
John L. Miller
Timothy J. Mullins
Mark S. Papazian

Ryan L. Perry
Dennis M. Rauss
Christopher J. Ryan
Paul A. Thursam
Jared M. Trust
Geoffrey S. Wagner
Sean M. Walsh
Donald K. Warwick
Matthew S. Weaver
Richard A. Wojewoda
Marsha M. Woods
LeRoy H. Wulfmeier, III
Robin E. Yono

Of Counsel
David G. Gorcyca
Barry L. King
Albert Taylor Nelson, Jr.
James Y. Rayis
Peter J. Sarkesian
Lawrence F. Schiller

February 4, 2016

The Detroit Free Press
160 W. Fort Street
Detroit, MI 48226

Re: Charter Township of Orion Ordinance No. 136- Littering Ordinance

To whom it may concern,

    As general counsel for the Charter Township of Orion, you are hereby requested to immediately cease and desist from the ongoing violations of the Township's Littering Ordinance (Ordinance No. 136, see attached).

    Specifically, the Township has received complaints from private property owners of an ongoing dumping, depositing, placing, throwing or leaving of unrequested and undesired newspapers and/or flyers circulated by your company. The Township Ordinances provide:

> "Section 3A. A person shall not knowingly, without the consent of the public authority having supervision of public property or the owner of private property, dump, deposit, place, throw, or leave, or cause or permit the dumping, deposition, placing, throwing or leaving of, litter, including but not limited to abandoned vehicles, on public or private property or water other than property designated and set aside for such purpose".

    The distribution of your company's newspapers/flyers which are placed or thrown onto both private and public property fall within the Ordinance's definition of "litter"; which states:

> "Section 2A. Litter means rubbish, refuse, waste material, garbage, offal, paper, glass, cans, bottles, trash, debris, or other foreign substances or a vehicle that is considered abandoned under Section 252a of the Michigan vehicle code, 1949 PA 300, MCL 257.252a".

Please be advised that I have been directed by motion of the Township Board to forward this official notice of your company's noncompliance with the above Ordinance. The continued violation of this Ordinance may cause the issuance of a civil infraction; which, if found responsible, could lead to a Court imposition of fines, penalties and costs (see attached Ordinance for applicable penalties and sanctions, Section 6). While this correspondence is intended to provide notice of your current violation of the Township's Littering Ordinance, so as to provide you a reasonable opportunity to cease future activities, we hereby request that the delivery of the above referenced newspaper/flyers cease within 14 days of February 4, 2016. Any similar activities subsequent to this deadline will be turned over to the Township's Code Enforcement Officers for purposes of investigation and enforcement of Ordinance No. 136- Littering Ordinance.

I thank you for your anticipated attention to this matter.

Very truly yours,
GIARMARCO, MULLINS & HORTON, P.C.

Daniel J. Kelly
Township Attorney for the
Charter Township of Orion

DJK/fmb
Encl.

# Charter Township of Orion

## Ordinance No. 136

## Littering Ordinance

Adopted July 5, 2005

# Ordinance No. 136 — Littering Ordinance

AN ORDINANCE TO PROHIBIT LITTERING, INCLUDING ABANDONMENT OF VEHICLES, ON PUBLIC OR PRIVATE PROPERTY, OR WATER, WITHIN THE TOWNSHIP.

## Section 1 – Purpose and Intent

The Charter Township of Orion finds that the creation and accumulation of litter is a detriment to the health, safety and welfare of the community. The provisions contained in this Ordinance are for the purpose of securing and promoting the public health, comfort, convenience, safety, and welfare of the citizens of Orion Township by controlling and abating litter and abandoned vehicles on public or private property, or water, within the Township.

## Section 2 – Definitions

For the purpose of this Ordinance, the following definitions shall apply unless the context clearly indicates or requires a different meaning:

A. **Litter** means rubbish, refuse, waste material, garbage, offal, paper, glass, cans, bottles, trash, debris, or other foreign substances or a vehicle that is considered abandoned under Section 252a of the Michigan vehicle code, 1949 PA 300, MCL 257.252a.

B. **Peace Officer** means the Oakland County Sheriff or the Sheriff's Deputy, or the Township Code Enforcement Officer.

C. **Public** or **Private Property** or **Water** includes, but is not limited to, any of the following:

   1. The right-of-way of a road or highway, a body of water or watercourse, or the shore or beach of a body of water or watercourse, including the ice above the water.

   2. A park, playground, building, refuge, or conservation or recreation area.

   3. Residential or farm properties or timberlands.

D. **Vehicle** means a motor vehicle registered or required to be registered under the Michigan Vehicle Code, 1949 PA 300, MCL 257.1 to 257.923.

E. **Vessel** means every description of watercraft used or capable of being used as a means of transportation on water.

## Section 3 – Prohibited Activity

A. A person shall not knowingly, without the consent of the public authority having supervision of public property or the owner of private property, dump, deposit, place, throw, or leave, or cause or permit the dumping, depositing, placing, throwing, or leaving of, litter, including but not limited to abandoned vehicles, on public or private property or water other than property designated and set aside for such purposes.

B. A person who removes a vehicle that is wrecked or damaged in an accident on a highway, road, or street shall remove all glass and other injurious substances dropped on the highway, road, or street as a result of the accident.

C. A person shall not knowingly cause litter or any object to fall or be thrown into the path of or to hit a vehicle traveling upon a highway.

## Section 4 – Presumptions

A. Except as provided in Subsection C of this Section involving litter from a leased vehicle or leased vessel, in a proceeding for a violation of this part involving litter from a motor vehicle or vessel, proof that the particular vehicle or vessel described in the citation, complaint, or warrant was used in the violation, together with proof that the defendant named in the citation, complaint, or warrant was the registered owner of the vehicle or vessel at the time of the violation, gives rise to a rebuttable presumption that the registered owner of the vehicle or vessel was the driver of the vehicle or vessel at the time of the violation.

# Ordinance No. 136            Littering Ordinance

B. There is a rebuttable presumption that the driver of a vehicle or vessel is responsible for litter that is thrown, dumped, deposited, placed, or left from the vehicle or vessel on public or private property or water.

C. In a proceeding for a violation of this part involving litter from a leased motor vehicle or leased vessel, proof that the particular vehicle or vessel described in the citation, complaint, or warrant was used in the violation, together with proof that the defendant named in the citation, complaint, or warrant was the lessee of the vehicle or vessel at the time of the violation, gives rise to a rebuttable presumption that the lessee of the vehicle or vessel was the driver of the vehicle or vessel at the time of the violation.

D. In a proceeding for a violation of this part involving litter consisting of an abandoned vehicle, proof that the particular vehicle described in the citation, complaint, or warrant was abandoned, and that the defendant named in the citation, complaint, or warrant was the titled owner or lessee of the vehicle at the time it was abandoned, gives rise to a rebuttable presumption that the defendant abandoned the vehicle.

## Section 5 – Violations as Civil Infractions; Civil Fines; Default Remedies; Exception

A. A person who violates this part where the amount of the litter is less than 1 cubic foot in volume is responsible for a civil infraction and is subject to a civil fine of not more than Eight Hundred Dollars ($800).

B. A person who violates this part where the amount of the litter is 1 cubic foot or more but less than three (3) cubic feet in volume is responsible for a civil infraction and is subject to a civil fine of not more than One Thousand Five Hundred Dollars ($1,500).

C. Except as provided in Subsection D of this Section, a person who violates this part where the amount of the litter is three (3) cubic feet or more in volume is responsible for a civil infraction and is subject to a civil fine of not more than Two Thousand Five Hundred Dollars ($2,500). A person found to have committed a violation described in this subsection in a subsequent proceeding is subject to a civil fine of not more than Five Thousand Dollars ($5,000).

D. A person who violates this part where the litter consists of an abandoned vehicle is responsible for a civil infraction and is subject to a civil fine of not less than Five Hundred Dollars ($500) or more than Two Thousand Five Hundred Dollars ($2,500). A person found to have committed a violation described in this subsection in a subsequent proceeding is subject to a civil fine of not less than One Thousand Dollars ($1,000) or more than Five Thousand Dollars ($5,000). However, the court shall not order the payment of a fine unless the vehicle has been disposed of under Section 252g of the Michigan Vehicle Code, 1949 PA 300, MCL 257.252g.

E. A default in the payment of a civil fine or costs ordered under this part or an installment of the fine or costs may be remedied by any means authorized under the Revised Judicature Act of 1961, 1961 PA 236, MCL 600.101 to 600.9947.

## Section 6 – Additional Penalties or Sanctions; Community Service

A. In addition to any other penalty or sanction provided in this part for a civil infraction action brought under this part, the court may require the defendant to pay either or both of the following:

  1. The cost of removing all litter which is the subject of the violation and the cost of damages to any land, water, wildlife, vegetation, or other natural resource or to any facility damaged by the violation of this part. Money collected under this subdivision shall be distributed to the governmental entity bringing the enforcement action.

  2. The reasonable expense of impoundment under Section 7. Money collected under this subdivision shall be distributed to the governmental entity that impounded the vehicle involved in the violation of this part.

B. In addition to any other penalty or sanction provided for in this part, the court shall impose, under the supervision of the court, community service in the form of litter gathering labor, including, but not limited to, litter connected with the particular violation.

# Ordinance No. 136                  Littering Ordinance

## Section 7 – Impoundment of Vehicles; Lien; Forfeiture of Bond; Foreclosure Sale; Notice; Distribution of Proceeds

A. A peace officer may seize and impound a vehicle operated in the commission of a violation of this part if the operator of the vehicle has previously been convicted for a violation of this part. Upon impoundment, the vehicle is subject to a lien, subordinate to a prior lien of record, in the amount of any fine, costs, and damages that the defendant may be ordered to pay under this part. The defendant, or a person with an ownership interest in the vehicle, may post with the court a cash or surety bond in the amount of Seven Hundred Fifty Dollars ($750). If such a bond is posted, the vehicle shall be released from impoundment. The vehicle shall also be released, and the lien shall be discharged, upon a judicial determination that the defendant is not responsible for the violation of this part or upon payment of the fine, costs, and damages. Additionally, if the defendant is determined to be not responsible for the violation of this part, the court shall assess against the governmental entity bringing the action costs, payable to the defendant, for any damages that the defendant has sustained due to the impoundment of the vehicle.

B. If the court determines that the defendant is responsible for the violation of this part and the defendant defaults in the payment of any fine, costs, or damages, or any installment, as ordered pursuant to this part, any bond posted under Subsection A of this Section shall be forfeited and applied to the fine, costs, damages, or installment. The court shall certify any remaining unpaid amount to the attorney for the governmental entity bringing the action. The attorney for the governmental entity may enforce the lien by a foreclosure sale. The foreclosure sale shall be conducted in the manner provided and subject to the same rights as apply in the case of execution sales under Sections 6031, 6032, 6041, 6042, and 6044 to 6047 of the Revised Judicature Act of 1961, 1961 PA 236, MCL 600.6031, 600.6032, 600.6041, 600.6042, and 600.6044 to 600.6047.

C. Not less than twenty one (21) days before the foreclosure sale under Subsection B of this Section, the attorney for the governmental entity bringing the action shall, by certified mail, send written notice of the time and place of the foreclosure sale to each person with a known ownership interest in or lien of record on the vehicle. In addition, not less than ten (10) days before the foreclosure sale, the attorney shall twice publish notice of the time and place of the foreclosure sale in a newspaper of general circulation in the county in which the vehicle was seized. The proceeds of the foreclosure sale shall be distributed in the following order of priority:

   1. To discharge any lien on the vehicle that was recorded prior to the creation of the lien under Subsection A of this Section.

   2. To the clerk of the court for the payment of the fine, costs, and damages that the defendant was ordered to pay.

   3. To discharge any lien on the vehicle that was recorded after the creation of the lien under Subsection A of this Section.

   4. To the owner of the vehicle.

## Section 8 – Posting Notices; Publication; Receptacles for Litter

All public authorities having supervision of public property of this state or any political subdivision of this state may post notice signs and otherwise publicize the requirements of this part. All public authorities having supervision of public property in this state may establish and maintain receptacles for the deposit of litter on the property and publicize the location of those receptacles.

## Section 9 – Severability and Savings

If any provision of this Ordinance is held invalid, the invalidity does not affect other provisions that can be given effect without the invalid provision. All proceedings pending and all rights and liabilities existing, acquired or incurred at the time this Ordinance takes effect are saved and may be consummated according to the law when they were commenced.

## Section 10 – Repeal

All ordinances and parts of ordinances inconsistent with the provisions of this Ordinance are repealed.

# Ordinance No. 136 — Littering Ordinance

## Section 11 – Savings

All proceedings pending and rights and liabilities existing, acquired, or incurred at the time this Ordinance takes effect, are saved and may be consummated according to the law when they were commenced.

## Section 12 – Severability

This Ordinance and the various parts, sections, subsections, provisions, sentences and clauses are severable. If any part of this Ordinance is found to be unconstitutional or invalid, it is declared the remainder of this Ordinance shall not be affected hereby.

## Section 13 – Effective Date

This Ordinance shall be published in full in a newspaper of general circulation in the Charter Township of Orion qualified under State law to publish legal notices and shall become effective upon publication, as provided by law.

*This page intentionally blank*

GMH ATTORNEYS AND COUNSELORS AT LAW
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, Michigan 48084-5280

The Detroit Free Press
160 W. Fort Street
Detroit, MI 48226



UNITED STATES
02 1R
0002005602
$ 00.70
FEB 04 2016
MAILED FROM ZIP CODE 48084
PITNEY BOWES