UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT FREE PRESS, INC.,

          Plaintiff,

vs.

Case No:  16-11698

CHARTER TOWNSHIP OF ORION, a
Michigan Municipal Corporation; and CHRIS
BARNETT, Township Supervisor, sued in his
Individual and official capacities; PENNY S.
SHULTS, Township Clerk, sued in her
Individual and official capacities; MARK
THURBER, Township Treasurer, sued in his
Individual and official capacities; MIKE
FLOOD, Trustee, sued in his Individual and
official capacities; NEAL PORTER, Trustee,
sued in his Individual and official capacities;
DONNI STEELE, Trustee, sued in her
Individual and official capacities; and JOHN M.
STEIMEL, Trustee, sued in his Individual and
official capacities;

Hon. George Caram Steeh

          Defendants.

---

Herschel P. Fink (P13427)
Attorney for Plaintiff
160 West Fort Street
Detroit, MI 48226
(313) 749-0079
hfink@freepress.com

Daniel J. Kelly (P41315)
Giarmarco, Mullins & Horton, P.C.
Attorney for Defendants
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, MI 48084
(248) 457-7000
dkelly@gmhlaw.com

GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW
Tenth Floor Columbia Center ▾ 101 West Big Beaver Road ▾ Troy, Michigan 48084-5280 ▾ P: (248) 457-7000 ▾ F: (248) 457-7001 ▾ www.gmhlaw.com

***DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND JURY DEMAND***

NOW COMES Defendants, Township of Orion, Chris Barnett, Penny S. Shults, Mark Thurber, Mike Flood, Neal Porter, Donni Steele and John M. Steimel, by and through their attorneys, Giarmarco, Mullins & Horton, P.C., and for their Answer to Complaint states as follows:

1.    In response to Paragraph 1, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs.

2.    In response to Paragraph 2, Defendants admit.

3.    In response to Paragraph 3, Defendants admit.

4.    In response to Paragraph 4, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs.

5.    In response to Paragraph 5, Defendants admit.

6.    In response to Paragraph 6, Defendant Chris Barnett admits.

7.    In response to Paragraph 7, Defendant Penny S. Shults admits.

8.    In response to Paragraph 8, Defendant Mark Thurber admits.

9.    In response to Paragraph 9, Defendant Mike Flood admits.

10.    In response to Paragraph 10, Defendant Neal Porter admits.

GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW
Tenth Floor Columbia Center ▾ 101 West Big Beaver Road ▾ Troy, Michigan 48084-5280 ▾ P: (248) 457-7000 ▾ F: (248) 457-7001 ▾ www.gmhlaw.com

11. In response to Paragraph 11, Defendant Donni Steele admits.

12. In response to Paragraph 12, Defendant John M. Steimel admits.

### *GENERAL ALLEGATIONS*

13. In response to Paragraph 13, Defendants incorporate by reference their responses contained in paragraphs 1 through 12, inclusive, as if fully set forth herein.

14. In response to Paragraph 14, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs.

15. In response to Paragraph 15, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs.

16. In response to Paragraph 16, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs.

17. In response to Paragraph 17, in general, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs. However, Defendants deny that reasonable efforts were made to see that the "Select" was

3

delivered in this case to homes where it was welcome, as in this case both littering tickets were issued for homes/residents who had opted-out.

18. In response to Paragraph 18, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs.

19. In response to Paragraph 19, Defendants deny the letter was threatening, but rather it was a warning to the Plaintiff. However, Defendants admit Mr. Kelly's letter has been properly quoted, but otherwise Defendants state that the contents of the document speaks for itself.

20. In response to Paragraph 20, Defendants deny the allegations contained therein for the reason they are untrue. In fact, Orion Township has issued only two littering tickets and the Orion Board of Trustees on May 16, 2016, passed a resolution halting any further tickets until this litigation is resolved. **Exhibit A**.

21. In response to Paragraph 21, Defendants admit having received the Free Press counsel's February 18, 2016 correspondence, which speaks for itself. Defendants deny the remaining allegations contained in Paragraph 21 as being untrue.

22. In response to Paragraph 22, Defendants admit the quotations from the February 18, 2016 correspondence, which speaks for itself, but deny the

GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW
Tenth Floor Columbia Center ▪ 101 West Big Beaver Road ▪ Troy, Michigan 48084 ▪ 5280 ▪ P: (248) 457-7000 ▪ F: (248) 457-7001 ▪ www.gmhlaw.com

4

remaining allegations as being untrue.

23.     In response to Paragraph 23, Defendants admit the quotations from the February 18, 2016 correspondence, which speaks for itself, but deny the remaining allegations as being untrue.

24.     In response to Paragraph 24, Defendants admit littering tickets were issued to the Detroit Free Press as set forth in Paragraph 24, however, deny that such tickets were clearly and unconstitutional interference, nor an unconstitutional power restrain, and further deny that Paul Anger is the Defendant, but rather, Mr. Anger was identified solely as the individual to be served as a representative of Detroit Free Press.  Defendant Orion Township has made clear that Mr. Paul Anger is not a Defendant and is not required to appear on behalf of the Detroit Free Press.  Furthermore, by Stipulated Order entered with the 52-3rd District Court, the formal hearings for the underlying littering tickets have been adjourned to a later date.

25.     In response to Paragraph 25, Defendants admit, but state that the contents of the infractions speak for themselves.

26.     In response to Paragraph 26, Defendants admit that a second ticket was issued and served on the Detroit Free Press' registered agent, but as to the remaining allegations neither admit nor deny for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to its proofs.

27.    In response to Paragraph 27, Defendants admit, but state that the contents of the infractions speak for themselves.

28.    In response to Paragraph 28, Defendants admit that Counsel for the Detroit Free Press improperly contacted Orion Township Supervisor, Chris Barnett, during the pendency of the civil infraction tickets, for the purposes of investigating this civil suit and without having contacted the known legal counsel of Orion Township and Mr. Barnett.  As to the remaining allegations of Paragraph 28, Defendants neither admit nor deny for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to its proofs.

29.    In response to Paragraph 29, Defendants admit that Counsel for the Detroit Free Press improperly contacted Orion Township Supervisor, Chris Barnett, during the pendency of the civil infraction tickets, for the purposes of investigating this civil suit and without having contacted the known legal counsel of Orion Township and Mr. Barnett.  As to the remaining allegations of Paragraph 29, Defendants neither admit nor deny for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to its proofs.

30.    In response to Paragraph 30, Defendants admit that the District Court originally scheduled the formal hearing on the two civil infractions for June 29, 2016.   However, by stipulation of the counsel herein, the District Court has

GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW
Tenth Floor Columbia Center ▾ 101 West Big Beaver Road ▾ Troy, Michigan 48084-5280 ▾ P: (248) 457-7000 ▾ F: (248) 457-7001 ▾ www.gmhlaw.com

adjourned the formal hearings on the two civil infractions to a later date. (See Exhibit B, 52-34rd District Court Order.)

31. In response to Paragraph 31, Defendants deny the allegations contained therein for the reason that they are untrue. The littering tickets issued herein were based upon complaints from residents who have informed the Defendant Township that they had previously notified the Detroit Free Press that they no longer wished to receive the Select Paper and had done so as directed by the Plaintiff Detroit Free Press on at least one occasion prior to the unwanted delivery.

32. In response to Paragraph 32, Defendants deny that the Township threatened to sue the Detroit Free Press rather, as stated in the Township counsel's correspondence of February 4, 2016, the letter was "intended to provide notice of your current violation of the Township's littering ordinance, so as to provide you a reasonable opportunity to cease future activities . . ." (See Exhibit C, February 4, 2016 correspondence.) While Defendants admit that the February 4, 2016 correspondence states that the Township Attorney was "directed by Motion of the Township Board", Defendants state and admit that said statement was in error and that, in fact, there was no Motion of Township Board to forward the February 4, 2016 correspondence to the Detroit Free Press. As to the remaining allegations of

7

GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW
Tenth Floor Columbia Center ▾ 101 West Big Beaver Road ▾ Troy, Michigan 48084-5280 ▾ P: (248) 457-7000 ▾ F: (248) 457-7001 ▾ www.gmhlaw.com

Paragraph 32, Defendants neither admit nor deny for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

33.    In response to Paragraph 33, Defendants deny the allegations contained therein for the reason that they are untrue.

34.    In response to Paragraph 34, Defendants deny the allegations contained therein for the reason that they are untrue.  Furthermore, Defendants strongly object to the outrageous and irresponsible allegations of violation of the Michigan Open Meetings Act without any factual or legal basis to do so.  Such irresponsible allegations have no place in a legal pleading filed with this Court.

35.    In response to Paragraph 35, Defendants deny any violation of the Michigan Freedom of Information Act and/or Michigan Open Meetings Act, and as to the remaining allegations contained therein, neither admit nor deny for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

36.    In response to Paragraph 36, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves to their proofs.

37.    In response to Paragraph 37, Defendants deny the allegations contained therein for the reason that they are untrue.  Furthermore, Defendants deny that any action resulted in the failure to perform a duty, nor did it proximately

8

cause damage or injury to the Detroit Free Press. The Defendant Township and each of the individual Defendants' actions were proper and legal and intended to only enforce the ordinances as provided by law.

38. In response to Paragraph 38, Defendants the allegations contained therein for the reason that they are untrue.

39. In response to Paragraph 39, Defendants deny the allegations contained therein for the reason that they are untrue. Furthermore, Defendants assert that under the facts of this case the Detroit Free Press' First Amendment and procedural due process rights are far from clearly established and in a case where the complaining witnesses/residents have instructed the Detroit Free Press under their procedures that the Select Paper is no longer wanted at their residence, the Township's littering ordinance is applicable and does not constitute a violation of the Detroit Free Press First Amendment and procedural due process rights.

40. In response to Paragraph 40, Defendants admit to having enforced their ordinances, but deny that such enforcement constituted a violation of the Detroit Free Press' constitutional rights, nor was it the proximate cause the violation of the Detroit Free Press' constitutional rights for the reason that same is untrue.

41. In response to Paragraph 26, Defendants deny the allegations contained therein for the reason that they are untrue.

9

## COUNT I

### VIOLATION OF 42 U.S.C. § 1983 – FIRST AMENDMENT

42.     In response to Paragraph 42, Defendants incorporate by reference their responses contained in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43.     In response to Paragraph 43, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs.

44.     In response to Paragraph 44, Defendants deny the allegations contained therein for the reason that they are untrue.

45.     In response to Paragraph 45, the individual Defendants are elected Board Members of the Charter Township of Orion, and at all times herein were acting solely in their official capacity as elected Board Members.   As to the remaining allegations of Paragraph 45, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to its proofs.

46.     In response to Paragraph 46, Defendants neither admit nor deny for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to its proofs.

47.     In response to Paragraph 47, Defendants deny as untrue.

GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW
Tenth Floor Columbia Center ▾ 101 West Big Beaver Road ▾ Troy, Michigan 48084-5280 ▾ P: (248) 457-7000 ▾ F: (248) 457-7001 ▾ www.gmhlaw.com

48.    In response to Paragraph 48, Defendants deny as untrue.

49.    In response to Paragraph 49, Defendants deny as untrue.

50.    In response to Paragraph 50, Defendants deny as untrue.

WHEREFORE, Defendants, Township of Orion, Chris Barnett, Penny S. Shults, Mark Thurber, Mike Flood, Neal Porter, Donni Steele and John M. Steimel respectfully requests this Honorable Court deny Plaintiffs' request, a no cause of action and dismiss any and all claims against all Defendants; including any claim of violation of law, injunctive relief, monetary damages or any other prayer for relief alleged by Plaintiffs, and award Defendants costs, attorney fees, and interest so wrongfully incurred, together with any and all relief deemed reasonable and necessary by this Court.

## COUNT II

### VIOLATION OF MICHIGAN CONSTITUTION
### FREEDOM OF SPEECH AND PRESS

51.    In response to Paragraph 51, Defendants incorporate by reference their responses contained in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52.    In response to Paragraph 52, Defendants admit.

53.    In response to Paragraph 53, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs.

11

54.    In response to Paragraph 54, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information upon which to form a belief, and, therefore, leave Plaintiff to its proofs.

55.    In response to Paragraph 55, Defendants deny the allegations contained therein for the reason that they are untrue.

56.    In response to Paragraph 56, Defendants deny the allegations contained therein for the reason that they are untrue.

57.    In response to Paragraph 57, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, Township of Orion, Chris Barnett, Penny S. Shults, Mark Thurber, Mike Flood, Neal Porter, Donni Steele and John M. Steimel respectfully requests this Honorable Court deny Plaintiffs' request, a no cause of action and  dismiss any and all claims against all Defendants; including any claim of violation of law, injunctive relief, monetary damages or any other prayer for relief alleged by Plaintiffs, and award Defendants costs, attorney fees, and interest so wrongfully incurred, together with any and all relief deemed reasonable and necessary by this Court.

## *PRAYER FOR RELIEF*

WHEREFORE, Defendants, Township of Orion, Chris Barnett, Penny S. Shults, Mark Thurber, Mike Flood, Neal Porter, Donni Steele and John M. Steimel

respectfully requests this Honorable Court deny Plaintiffs' request, a no cause of action and dismiss any and all claims against all Defendants; including any claim of violation of law, injunctive relief, monetary damages or any other prayer for relief alleged by Plaintiffs, and award Defendants costs, attorney fees, and interest so wrongfully incurred, together with any and all relief deemed reasonable and necessary by this Court.

<div style="margin-left:40%;">

Respectfully Submitted,

**GIARMARCO, MULLINS & HORTON, P.C.**

*/s/ Daniel J. Kelly*
DANIEL J. KELLY (P41315)
Attorneys for Defendants
101 West Big Beaver Road, 10th Floor
Troy, MI  48084
(248) 457-7025
dkelly@gmhlaw.com

</div>

Dated:  June 24, 2016

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT FREE PRESS, INC.,

       Plaintiff,

vs.

CHARTER TOWNSHIP OF ORION, a
Michigan Municipal Corporation; and CHRIS
BARNETT, Township Supervisor, sued in his
Individual and official capacities; PENNY S.
SHULTS, Township Clerk, sued in her
Individual and official capacities; MARK
THURBER, Township Treasurer, sued in his
Individual and official capacities; MIKE
FLOOD, Trustee, sued in his Individual and
official capacities; NEAL PORTER, Trustee,
sued in his Individual and official capacities;
DONNI STEELE, Trustee, sued in her
Individual and official capacities; and JOHN M.
STEIMEL, Trustee, sued in his Individual and
official capacities;

       Defendants.

Case No: 16-11698

Hon. George Caram Steeh

Herschel P. Fink (P13427)
Attorney for Plaintiff
160 West Fort Street
Detroit, MI 48226
(313) 749-0079
hfink@freepress.com

Daniel J. Kelly (P41315)
Giarmarco, Mullins & Horton, P.C.
Attorney for Defendants
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, MI 48084
(248) 457-7000
dkelly@gmhlaw.com

GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW
Tenth Floor Columbia Center ▾ 101 West Big Beaver Road ▾ Troy, Michigan 48084-5280 ▾ P: (248) 457-7000 ▾ F: (248) 457-7001 ▾ www.gmhlaw.com

*AFFIRMATIVE DEFENSES*

NOW COMES Defendants, Township of Orion, Chris Barnett, Penny S. Shults, Mark Thurber, Mike Flood, Neal Porter, Donni Steele and John M. Steimel, by and through their attorneys, Giarmarco, Mullins & Horton, P.C., and for their Affirmative Defenses, states as follows:

1.      Plaintiff has failed to state a claim and/or cause of action upon which relief may be granted.

2.      Defendants are entitled to good faith and qualified immunity.

3.      Defendants are entitled to governmental immunity.

4.      Defendants are entitled to immunity and/or qualified immunity pursuant to 42 USC § 1983 and MCL 691.1401, et al.

5.      Plaintiff was not engaged in speech protected by the First Amendment of the United States Constitution.

6.      Plaintiff was engaged in commercial speech for which their actions herein are not protected.

7.      Defendants' ordinances and actions herein constitute reasonable time, place and manner restrictions.

8.      Plaintiff has no cause of action under the U.S. and/or Michigan Constitutions for money damages arising out of "protected speech".

15

9. Plaintiff's claims may be barred in whole or in part by their failure to show 42 USC § 1983 liability and their own bad faith conduct. Specifically, Plaintiff's claims are barred based upon Plaintiff's continued deliver of the Select paper to residents of Orion Township who had previously opted-out under the Plaintiff's published procedures or had otherwise expressed directly or indirectly, by not retrieving previously delivered Select Papers copies, their wish to not receive the Select Paper.

10. Defendants will show at the time of trial that Plaintiff has failed to mitigate their damages.

11. Plaintiff's claims may be barred in whole or in part by waiver, release and/or estoppel.

12. Plaintiff's action is barred by the self-imposed hardship rule.

13. Any damages incurred by Plaintiff were the result of the wrongful acts of Plaintiff and/or Plaintiff's failure to comply with Township Ordinances, federal and/or state law.

14. Plaintiff has failed to allege or establish a deprivation of a constitutional right, protected property right and/or liberty interest.

15. Plaintiff's claims are not justiciable.

16. Plaintiff's alleged "protected speech" did not occur in a public forum.

17.    That Defendants' actions were in the furtherance of a compelling governmental interest and were an appropriate means of furthering that compelling governmental interest.

18.    Defendants were not engaged in any unconstitutional activity and, therefore, Plaintiff has sustained no constitutional deprivation or violation.

19.    Plaintiff is not entitled to recover punitive damages against Defendants under state or federal law for the reason the Defendants did not act with any malice, willfulness or recklessness, but instead, at all times herein acted with good faith and reasonableness.

20.    Defendants have no liability because Defendants had no official or unofficial policy, practice or custom that abridged any of Plaintiff's statutory or constitutional rights.

21.    Plaintiff is not entitled to damages or injunctive relief because the harm alleged, even if true, is not "irreparable", since an award of money damages would fully compensate Plaintiff, given the factual allegations in the Complaint. Further, by Motion of Defendant's Township Board, no further tickets or any interference will be taken by Defendants until the litigation is resolved.

22.    Plaintiff is not entitled to injunctive relief for lack of proof of the allegations in the Complaint by clear and convincing evidence.

17

23.     At the time of trial, Plaintiff is not entitled to attorney fees under 42 USC § 1983 for failure to prove the standards required; including, a failure to prevail, failure to show clear prejudice and otherwise failure to show the requirements set forth in *Buckhannon Board and Care Home Inc., v. West Virginia Dept. of Public Health Resources*, 532 U.S. 598; 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001) and its prodigy.

24.     Plaintiff's Complaint is conclusory in nature and fails to state a claim and sufficient facts upon which relief can be granted as required by 42 USC § 1983.

25.     Defendants will show that at all times relevant hereto, they acted without malice, ill will and in good faith in the performance of their duties and, as a result, are immune from suit and recovery by Plaintiffs in this case.

26.     Defendants will show that Plaintiffs have failed to prove any deprivation of a Federal right, nor have Plaintiffs alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon 42 USC § 1983, the U.S. or Michigan Constitutions or any statute or case law.

27.     Defendants will show at the time of trial that Plaintiff's conduct caused or contributed to the incidents complained of, and their conduct in this regard was the sole or partial cause of any injury complained of, and Plaintiffs' recovery should be barred to the extent of such conduct.

18

28.    Defendants will show at the time of trial that they were guided by and strictly observed all legal duties and obligations imposed by law or otherwise; and further, that all actions of any of Defendant's agents, servants, employees or associates were careful, prudent, proper and lawful.

29.    Defendants will show at the time of trial that at all times pertinent hereto, they were engaged in the performance of governmental functions and are, therefore, immune from suit for civil damages for this claim pursuant to the principles of governmental, individual and qualified immunity as set forth in the constitution, case law, federal statutes and statutes of this State

30.    Defendants will show at the time of trial that all actions or communications complained of in Plaintiff's Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States, and Defendants have never acted or communicated with malice or recklessness in reference to the Plaintiff and/or Plaintiff's rights.

31.    Plaintiff's claims are barred against the individual Defendants for the reason that there is a lack of the necessary state of mind and/or action by the individuals which would constitute a viable claim under 42 USC § 1983 and that the proofs will show that any action taken herein by the Defendant Orion Township or its employees was done so in the normal course of enforcement of its

19

ordinances and not as a result of any specific action or direction of the individual Defendants and/or Board action as a whole.

32.     Plaintiff's claims are barred in whole or in part based upon the failure to show any officially adopted policy, custom or practice which led to a constitutional violation and/or depravation of Plaintiff's rights.

33.     Plaintiff's claims are barred based upon a failure to show deliberate indifference to the constitutional or protected rights of the Plaintiff nor has Plaintiff shown or will show that Defendants formally adopted or promulgated an unconstitutional policy, ordinance, regulation or decision by the governing body or a department or agency thereof. *Monell v. Department of Social Services of the City of New York*, 436 US 658 (1978).

34.     Plaintiff's claims are barred against the Defendants on the grounds of immunity for the reason that the Defendants did not violate clearly established law that a reasonable individual should have known, rather, the Defendants at all times acted in good faith and reasonably.

35.     The individual Defendants are immune from suit and possess absolute immunity for prosecutorial acts.

36.     At all times relevant hereto, the Defendants acted in good faith, based upon their reliance of counsel, and otherwise are entitled to qualified immunity for the reason that the anticipated proofs in this case will show that the littering tickets

20

issued herein were based upon residents who had opted out or otherwise expressed their desire to not receive the Select Paper and, thus, there being no clearly established law, it was reasonable to believe that such delivery of unwanted material was appropriately considered litter under the local ordinance, Federal and State law.

37.    Defendants reserve the right to add additional Affirmative Defenses as they become known through further investigation and the discovery process.

Respectfully Submitted,

**GIARMARCO, MULLINS & HORTON, P.C.**

*/s/ Daniel J. Kelly*
DANIEL J. KELLY (P41315)
Attorneys for Defendants
101 West Big Beaver Road, 10th Floor
Troy, MI  48084
(248) 457-7025
dkelly@gmhlaw.com

Dated:  June 24, 2016

21

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT FREE PRESS, INC.,

           Plaintiff,

vs.

CHARTER TOWNSHIP OF ORION, a
Michigan Municipal Corporation; and CHRIS
BARNETT, Township Supervisor, sued in his
Individual and official capacities; PENNY S.
SHULTS, Township Clerk, sued in her
Individual and official capacities; MARK
THURBER, Township Treasurer, sued in his
Individual and official capacities; MIKE
FLOOD, Trustee, sued in his Individual and
official capacities; NEAL PORTER, Trustee,
sued in his Individual and official capacities;
DONNI STEELE, Trustee, sued in her
Individual and official capacities; and JOHN M.
STEIMEL, Trustee, sued in his Individual and
official capacities;

           Defendants.

Case No:  16-11698

Hon. George Caram Steeh

---

Herschel P. Fink (P13427)
Attorney for Plaintiff
160 West Fort Street
Detroit, MI 48226
(313) 749-0079
hfink@freepress.com

Daniel J. Kelly (P41315)
Giarmarco, Mullins & Horton, P.C.
Attorney for Defendants
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, MI 48084
(248) 457-7000
dkelly@gmhlaw.com

---

<div style="text-align:center">

***JURY DEMAND***

</div>

NOW COMES Defendants, Township of Orion, Chris Barnett, Penny S. Shults, Mark Thurber, Mike Flood, Neal Porter, Donni Steele and John M. Steimel, by and through their attorneys, Giarmarco, Mullins & Horton, P.C., and hereby request a trial by jury of the within cause.

Respectfully Submitted,

**GIARMARCO, MULLINS & HORTON, P.C.**

*/s/ Daniel J. Kelly*
DANIEL J. KELLY (P41315)
Attorneys for Defendants
101 West Big Beaver Road, 10th Floor
Troy, MI  48084
(248) 457-7025
dkelly@gmhlaw.com

Dated:  June 24, 2016

23

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT FREE PRESS, INC.,

          Plaintiff,

vs.                                              Case No: 16-11698

CHARTER TOWNSHIP OF ORION, a                     Hon. George Caram Steeh
Michigan Municipal Corporation; and CHRIS
BARNETT, Township Supervisor, sued in his
Individual and official capacities; PENNY S.
SHULTS, Township Clerk, sued in her
Individual and official capacities; MARK
THURBER, Township Treasurer, sued in his
Individual and official capacities; MIKE
FLOOD, Trustee, sued in his Individual and
official capacities; NEAL PORTER, Trustee,
sued in his Individual and official capacities;
DONNI STEELE, Trustee, sued in her
Individual and official capacities; and JOHN M.
STEIMEL, Trustee, sued in his Individual and
official capacities;

          Defendants.

---

Herschel P. Fink (P13427)                Daniel J. Kelly (P41315)
Attorney for Plaintiff                   Giarmarco, Mullins & Horton, P.C.
160 West Fort Street                     Attorney for Defendants
Detroit, MI 48226                        Tenth Floor Colombia Center
(313) 749-0079                           101 West Big Beaver Road
hfink@freepress.com                      Troy, MI 48084
                                         (248) 457-7000
                                         dkelly@gmhlaw.com

---

24

*CERTIFICATE OF SERVICE*

Daniel J. Kelly states that on June 24, 2016, he did serve a copy of the foregoing Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand via the United States District Court electronic transmission on the aforementioned date.

<div align="center">

Respectfully Submitted,

</div>

**GIARMARCO, MULLINS & HORTON, P.C.**

*/s/ Daniel J. Kelly*
DANIEL J. KELLY (P41315)
Attorneys for Defendants
101 West Big Beaver Road, 10th Floor
Troy, MI  48084
(248) 457-7025
dkelly@gmhlaw.com